### LANE *et al. v.* MOSS *et al.*

*(Supreme Court, General Term, First Department.   April 14, 1892.)*

1. EQUITY—MODIFYING JUDGMENT—MISTAKE OF FACT.
    Where a contest of a will is abandoned, and a compromise is effected, whereby two infant heirs are to receive, each, two tenths of decedent's estate, and their guardian *ad litem*, believing the estate to be worth $275,000, agrees, as part of the compromise, that the infants' attorneys shall receive $26,000 for their services, and, in a subsequent action by the infants to carry the compromise into effect, the court ratifies the compromise, and directs the executor to pay the attorneys said sum, but it subsequently appears that the shares of the infants will not be more than $15,000, and perhaps not more than $4,000, equity will modify the decree, and enjoin the executor from paying the full amount of such fees.

2. SAME—INDEPENDENT ACTION.
    The relief will be granted in an independent action in the same court in which the decree was rendered.

Appeal from special term, New York county.

Action by Florence M. Lane and Richard Lane, by Marietta L. Lane, guardian *ad litem*, against Frank Moss, executor, impleaded with George S. Hastings and George M. Curtis, to modify a decree, and enjoin the executor from paying certain money, under said decree, to his codefendants. Demurrer to the complaint overruled. Defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Stephen B. Brague,* for appellants.   *Morgan & Ives,* for respondents.

INGRAHAM, J. The complaint alleges that the plaintiffs are infants, and are heirs at law and next of kin of Maltby G. Lane, deceased; that the said Maltby G. Lane left a certain paper, purporting to be his last will and testament, which was offered for probate, the probate of which was contested by these plaintiffs successfully, and a decree entered refusing probate; that subsequently another paper, purporting to be a will, was produced, and offered for probate, and also contested by these plaintiffs; that subsequently a compromise was effected, and agreed to by all the adults interested in the estate of said Lane, whereby these plaintiffs would each receive two tenths of the balance of the estate after making certain payments provided for, and to carry such compromise into effect an agreement was signed between the adults interested in the estate, and by the two infant plaintiffs, by Marietta L. Lane, their mother; that subsequently an action was commenced in this court by

these plaintiffs, in order to ratify and carry the said agreement of compromise into effect; and that subsequently a decree was entered in such action, ratifying and confirming said agreement, and directing the defendant Moss, as executor of the said Maltby G. Lane, deceased, to pay to the defendants Hastings & Curtis the sum of $26,000, it being provided in the agreement that that sum should be fixed as the value of the legal services rendered by said Hastings & Curtis as counsel for the said infants in the proceedings mentioned. The complaint also alleges that the guardian *ad litem* of the infant defendants in this action, who signed the said agreement for the infants, was induced to sign the said agreement on behalf of the infants, allowing the amount of the compensation of the said Hastings & Curtis, by reason of her belief that the value of the property of the deceased was at least $500,000; that the debts and liabilities of the deceased did not exceed $225,000, in which case the shares of the said infants, under said agreement, would have been about $75,000 apiece; that the said shares of the said infants would not amount to $15,000, and might not amount to over $4,000; and that the sum of $26,000 was an exorbitant and unreasonable charge, and that such services were not worth the sum of $10,000. The agreement signed by plaintiffs, and thus ratified and affirmed by the judgment in such action, recites the fact that the estate of the said Maltby Lane was deemed to be of the value of $500,000, and was subject to an indebtedness of $225,000, and it may thus fairly be said that the agreement was executed upon the assumption that these facts were true, and that the amount to be paid to Hastings & Curtis for their services to the infants was based upon the fact that the infants' share in the estate, upon the basis of the settlement, would amount to the sum of $50,000 apiece, and this sum of $26,000 was, by the agreement, to be paid out of the balance of the estate of which these plaintiffs were entitled to two tenths. The defendant Frank Moss, as executor, demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiffs are infants, and as such are wards of the court. The agreement made on their behalf by their mother was not binding upon them until ratified by the courts; and where it appears that the judgment of the court has been obtained, which ratifies an agreement made on behalf of infants based upon a false estimate of the interest of the infants in the property affected by the judgment, and by it the infants' property is applied to the payment of claims which are excessive and unjust, and the approval of the court to such payments has been obtained by such false statements, I think it clear that the court has jurisdiction to intervene and protect the infants, so its judgment shall not be used to appropriate the infants' property to the payment of such unjust and exorbitant claims. The rule is stated in 12 Amer. & Eng. Enc. Law, p. 144: "A court of equity may interpose to grant relief, where, on account of some mistake of fact made by the judge or a party to the action, an inequitable judgment has been rendered;" and this case would seem to come expressly within this provision.

While it is usual in such cases to make the application in the action in which the judgment was rendered, I can see no reason why the relief cannot be given by the same court in which the judgment is rendered by an independent action. The demurrer is not upon the ground of a defect of parties, and that objection to the complaint is therefore waived. I think, therefore, the complaint alleges a good cause of action against defendant, and that the demurrer was properly overruled, and the judgment appealed from must be affirmed, with costs, with leave to defendant to withdraw the demurrer and answer over on payment of costs in this court and court below.

VAN BRUNT, P. J. I concur. There was no real controversy which resulted in the judgment of this court, and consequently no binding adjudica-

tion. The rights and interests of the infants were in no wise protected, and hence they are entitled to relief.

O'BRIEN, J., concurs with presiding justice.